544 A.2d 547

James E. Travers, Appellant *v.* Cameron County School District, Appellee.

Argued April 22, 1988, before Judges Doyle, Palladino and Smith, sitting as a panel of three.

*Paul J. Malizia, Joseph J. Malizia, P.C.,* for appellant.

*James William Harvey, Israel and Wood, P.C.,* for appellee.

Opinion by Judge Palladino, July 14, 1988:

James E. Travers (Appellant) appeals from an order of the Cameron County Court of Common Pleas sustaining the preliminary objection in the nature of a demur-

rer of the Cameron County School District (School District) and dismissing Appellant's complaint against School District with prejudice because it did not and could not state a cause of action against School District. We reverse and remand.

Appellant applied for a position as a physical education teacher with School District in March 1986. He was interviewed by Douglas R. Bleggi in May, 1986 and on June 4, 1986 by three members of the Cameron County School Board. On June 5, 1986, Bleggi offered Appellant the position of physical education teacher and the extracurricular positions of assistant football and track coach. Appellant signed a two-year temporary professional employee contract for the physical education teacher's position and an extracurricular agreement for the assistant football coach position with School District on July 1, 1986.

Appellant moved to Emporium, Pennsylvania from Cleveland, Ohio on August 4, 1986. He began his duties as assistant football coach on August 11, 1986 and as a physical education teacher on September 3, 1986. On September 11, 1986, School District, after discovering that Appellant was not qualified for any type of certification, granted Appellant an unrequested leave of absence, without pay or benefits, for one semester to permit him to obtain the necessary credits required for his Pennsylvania teaching certificate. Appellant was informed, in a letter from School District dated September 19, 1986, that failure to obtain the certification by the beginning of the second semester would result in the cancellation of his contract. Appellant was unable to enroll in classes which would permit him to obtain the requisite credits needed for certification because by the time he received notification from the School District that he was not qualified, classes were already underway.

Appellant filed a complaint on October 8, 1986 in the trial court alleging that School District, through its "officer, agent/and employee," when it offered him a teaching position, had assured him he was qualified for the teaching position and assured him that it "would take all necessary steps in preparing and filing the applications required for obtaining certification papers from the Pennsylvania Department of Education in Harrisburg." Appellant's complaint, paragraphs VII & VIII. Appellant asserted that the School District "by failing and neglecting to diligently prepare and file [Appellant's] Teacher Certification Application with the Commonwealth of Pennsylvania, Department of Education, after said plaintiff had relied on said promises, assurances and inducements, had breached the parties' agreement, and said plaintiff has suffered, is suffering, and will continue to suffer irreparable financial harm as a result thereof, all of which was foreseeable to [School District]." *Id.* paragraph XX.

School District filed preliminary objections to the complaint on November 5, 1986. The preliminary objections included a motion for a more specific pleading and a demurrer for failure to state a cause of action. Appellant filed an amended complaint on November 7, 1986, which added to the allegations in the original complaint a paragraph naming Bleggi as the "officer, agent and/or employee" of School District with authority "to interview prospective employees, check teaching certifications, make recommendations insofar as prospective employment of an employee to the [School District], and to prepare a prospective professional temporary employee's Teacher's Certification Application and submit the same to the Commonwealth of Pennsylvania, Department of Education." Appellant's amended complaint, paragraph IV. School District filed new preliminary objections in which it (1) incorporated some of

the paragraphs in the original motion for a more specific pleading, (2) added additional objections to the specificity of the pleading, and (3) incorporated the previously made demurrer. Specifically, School District requested the trial court "to strike the portions of [Appellant's] complaint containing general allegations of negligence and to dismiss [Appellant's] complaint for failure to state a cause of action upon which releif [sic] may be granted. In the alternative, Defendant requests that Plaintiff be allowed to file a more specific pleading." Argument on the preliminary objections was held December 5, 1986.

The trial court, on February 27, 1987, issued an order sustaining School District's demurrer and dismissing Appellant's complaint "finally" on the basis that "an amended complaint could not state a casue [sic] of action on equitable estoppel or any other theory against [School District]." In its opinion in support of this order, the trial court reasoned that Appellant could not state a cause of action against School District because: (1) "the law precludes recovery on the basis of governmental immunity;" and (2) "the allegations in the instant case" preclude "[recovery] on the grounds of equitable estoppel, without even considering the issue of governmental function immunity" because Appellant could not "justifiably rely on the representations as to credibility when [he] knew or had the means to know the requirements pertaining to teaching in Pennsylvania," and further that changing residence "was [not] the kind of reliance to detriment that case law requires." *Travers v. Cameron County School District,* (No. 3531 of 1986, filed March 2, 1987), slip op. at 9.

On appeal to this court, Appellant contends the trial court erred in granting the demurrer because: (1) the grounds on which the dismissal was based were raised *sua sponte* by the trial court; and (2) his complaint does state a cause of action on the basis of detrimental reliance.

Initially, we note that in determining whether to sustain a preliminary objection in the nature of a demurrer all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *County of Allegheny v. Dominijani,* 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery and any doubts should be resolved against sustaining the demurrer. *Id.*

The trial court gave two reasons for sustaining School District's preliminary objection: (1) recovery was precluded on the basis of governmental immunity and (2) even if not so precluded, failure to state a cause of action on which relief could be granted. School District concedes that it did not raise the issue of governmental immunity in its preliminary objections. School District brief at 6. It is inappropriate for a trial court to raise a defense on the behalf of a party. *Wojciechowski v. Murray,* 345 Pa. Superior Ct. 138, 497 A.2d 1342 (1985); *Gubernick v. City of Philadelphia,* 85 Pa. Commonwealth Ct. 397, 481 A.2d 1255 (1984). However, School District did raise the issue of failure to state a cause of action in its demurrer.[1] Therefore, the trial court's error in considering the issue of governmental immunity was harmless.

The more difficult issue is whether Appellant's complaint states a cause of action for detrimental reliance. The trial court recognized that Appellant's suit was not based on his temporary professional employee contract

---

[1] In its original preliminary objections filed November 5, 1986, School District raised the failure to state a cause of action as a basis for demurrer in paragraph 19. The demurrer was incorporated into School District's preliminary objections to Appellant's amended complaint by paragraph 6 of those objections, filed November 14, 1986.

with School District[2] and·that it was not a suit in equity. *Travers*, slip op. at 4. The trial court, though, considered Appellant's suit to be based on equitable estoppel rather than detrimental reliance. This was clearly error. Equitable estoppel "does not *create* a cause of action at law and, unless a plaintiff can. first show a cause of action, estoppel will not supply one for him in an action at law." *Department of Public Welfare v. School District of Philadelphia*, 49 Pa. Commonwealth Ct. 316, 322, 410 A.2d 1311, 1314 (1980) (emphasis in original).

Detrimental reliance is another name for promissory estoppel. *Rinehimer v. Luzerne County Community College*, 372 Pa. Superior Ct. 480, 539 A.2d 1298 (1988). Promissory estoppel is an outgrowth of equitable estoppel but, unlike equitable estoppel, promissory estoppel may serve as an independent cause of action. *Paul v. Landenau Hospital*, 375 Pa. Superior Ct. 1, 543 A.2d 1148 (1988).[3] Pennsylvania has long recognized promissory estoppel as a vehicle by which a promise may be enforced in order to remedy an injustice. *See Fried v. Fisher*, 328 Pa. 497, 196 A. 39 (1938).

---

[2] It is clear that Appellant's inability to qualify for certification makes his contract with School District unenforceable. The contract Appellant signed contains a provision stating: "This contract is subject to the provisions of the Public School Code of 1949 [Act of March 10, 1949, *as amended*, 24 P.S. §§1-101 to 27-2702] and amendments thereto, regarding all qualifications and certification as required therein." Section 1252 of the Public School Code of 1949 provides that "[n]o person shall teach in a public school in the Commonwealth unless he has met the certification requirements. . . ."

[3] An interesting case which does not specifically mention either detrimental reliance or promissory estoppel but which affirms a jury award for the breach of a promise relied on to the plaintiff's detriment is *Reed v. Universal C.I.T. Credit Corporation*, 434 Pa. 212, 253 A.2d 101 (1969). In that case, attorneys for the defendant had promised the plaintiff notice of sale of a third party's assets if the plaintiff stayed a writ of execution.

Pennsylvania has adopted the statement of this doctrine as it appears in section 90 of the Restatement (Second) of Contracts (1979). *See Murphy v. Burke,* 454 Pa. 391, 311 A.2d 904 (1973).[4] Section 90, in pertinent part, provides:

**Promise Reasonably Inducing Action or Forbearance**

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

In effect, the detrimental reliance of the promisee creates the consideration necessary for the formation of a contract, the breach of which is actionable. *See Robert Mallery Lumber v. B. & F. Associates,* 294 Pa. Superior Ct. 503, 440 A.2d 579 (1982).

Appellant alleges that School District assured him that he was qualified as a physical education teacher and promised to prepare and submit the requisite Pennsylvania certification application if Appellant accepted the position. Appellant claims that as a result, he was induced to accept the physical education job, to move to Emporium, Pennsylvania from Cleveland, Ohio, and to actually begin work. It may be inferred from this that Appellant discontinued any further job search and forbore from obtaining the requisite certification himself.

---

[4] *Murphy* quotes section 90 of the second tentative draft of the Restatement (Second) of Contracts issued April 30, 1965. The language in that draft is identical to what appears in section 90(1) of the final draft adopted May 17, 1979.

Appellant alleges that by the time the School District informed him that it could not obtain any type of certification for him because he was not qualified, the classes he needed to obtain certification were already well underway.

These factual allegations and inferences are sufficient, *at this point in the litigation* where they must be accepted as true, to establish a promise, expected to be relied on, which was relied on by Appellant to his detriment. Appellant has alleged facts in his complaint sufficient to state a cause of action based on promissory estoppel.[5] *See Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 301 A.2d 684 (1973); *DelConte v. Stefonick,* 268 Pa. Superior Ct. 572, 408 A.2d 1151 (1979).

Accordingly, we reverse and remand for further proceedings.

---

[5] We note that Appellant does not seek to have this promise enforced and that it could not be enforced until Appellant obtained the requisite credits to qualify for certification. He seeks damages based on the actual amount of money he expended in negotiating for the job and the amount of money he would have received in actual salary and benefits for one year's employment with School District. This is consistent with the intent of promissory estoppel to prevent injustice. Comment d to section 90 explains this as follows:

> A promise binding under this section is a contract, and full-scale enforcement by normal remedies is often appropriate. But the same factors which bear on whether any relief should be granted also bear on the character and extent of the remedy. In particular, relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than by the terms of the promise. . . . Unless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him.

## ORDER

AND NOW, July 14, 1988, the order of the Court of Common Pleas of Cameron County in the above-captioned case is reversed and the case remanded for further proceedings.

Jurisdiction relinquished.