554 A.2d 72

**Peter WILLIAMS and Cynthia Williams, H/W, Appellants,**

v.

**The MEDICAL COLLEGE OF PENNSYLVANIA, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1988.

Filed Feb. 2, 1989.

---

420

James C. Stover, Philadelphia, for appellants.

Donald F. Ladd, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is a direct appeal from the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of The Medical College of Pennsylvania. We affirm.

On appeal the appellants, Peter Williams and Cynthia Williams, contend: (1) the trial court improperly relied upon a memorandum prepared for arbitration when resolving an issue of material fact as to the date the appellant-husband was injured; and (2) pursuant to 42 Pa.C.S.A. § 5524(2), an action commenced two years and four days after the incident in question is not barred by the statute of limitations.

On September 2, 1984, the appellants filed a writ of summons instituting the underlying civil action against the appellee, The Medical College of Pennsylvania. On December 4, 1986, the appellants filed a complaint alleging that "on or about September 3, 1984," the appellee negligently

caused Peter Williams, to fall from a gurney in the emergency room.

On May 8, 1987, the appellee filed an answer with new matter asserting the affirmative defense of the statute of limitations. On June 16, 1987, the appellants replied to the appellee's affirmative defense and put at issue the statute of limitations.

On June 17, 1987, in accordance with Phila.R.C.P. Rule 180(a), the matter was heard by the Arbitration Panel of the Court of Common Pleas which awarded the appellants six thousand dollars.

On July 17, 1987, the appellee filed a timely appeal to the Court of Common Pleas, after which it filed a motion for summary judgment asserting that the appellants' action was barred by the two year statute of limitations. On April 18, 1988, the lower court granted the appellee's motion for summary judgment and dismissed the appellants' complaint. This timely appeal followed.

■■■ First, the appellants contend the trial court improperly determined a question of material fact by relying upon a legal memorandum prepared by appellants' counsel in preparation for an arbitration hearing. The memorandum which was submitted to the Arbitration Panel stated that on August 29, 1984, the appellant-husband fell from a gurney in the appellee's emergency room. The appellants argue that the memorandum was prepared in anticipation of the appellee's affirmative defense that the claim was barred by the statute of limitations. Since the memorandum was not a pleading filed of record, and the date of the incident was consistently stated as September 3, 1984, on all other papers filed, the appellants claim the trial court should not have relied upon the memorandum when resolving the date of the incident.

Generally, we note that Pa.R.C.P. 1035(b) authorizes the trial court to grant a motion for summary judgment where there is no genuine issue of material fact.

**Pa.R.C.P. 1035(b).   Motion for Summary Judgment.**

Rule 1035(b) states in pertinent part:

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Instantly, the appellants claim that the date of the incident is a genuine issue of material fact which has not been resolved, and therefore the trial court improperly granted the appellee's motion for summary judgment. We disagree.

The record reveals that the appellee attached medical records to the supplemental brief stating that the appellant-husband's injuries occurred on August 29, 1984. The medical records were properly certified by affidavit as the true and correct copies of the original medical records arising from the incident.

We note that the appellants offered no affidavits to refute the validity of the medical records presented by the appellee, nor did the appellants offer any evidence to counter the admission that the date of the incident was August 29, 1984.[1]

According to Pa.R.C.P. 1035(d) the appellants cannot rely upon the allegations presented in the pleadings alone.

**Rule 1035(d). Motion for Summary Judgment**

(d) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

---

1. Appellants' counsel during argument on appeal offered no explanation for the medical records dated August 29, 1984, and continued to state the incident occurred September 3, 1984.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so response, summary judgment, if appropriate, shall be entered against him.

Further, an appeal from the Arbitration Panel to the trial court will be a trial de novo with the original documents and the transcript of the testimony being reviewed and considered by the trial court pursuant to Pa.C.S.A. Rule 1808 [2] and Rule 1809(b).[3]

The trial court properly reviewed the appellants' memorandum admitting that the date of the incident was August 29, 1984. Additionally, every medical record introduced during the arbitration stated that the appellant-husband's injuries were sustained on August 29, 1984. No testimony or documents were offered by the appellants to refute the date of the incident. We reject the appellants' contention that the lower court improperly relied upon the memorandum which the appellants presented to the Arbitration

**2. 42 Pa.C.S.A. Rule 1808. Transmittal of Original Papers.**

Upon receipt of a copy of the Notice of Appeal and the appeal fee, the Administrator shall transmit to the prothonotary all the original papers in his possession whether or not introduced or admitted into evidence before the arbitrators, including transcripts of testimony, exhibits, depositions and discovery material, together with a copy of the docket entries, identified with the court term and number of the appeal.

**3. Rule 1809(b). Procedure on Appeal.**

(b) The trial shall be de novo. Use at the trial of testimony given by a witness in person during the arbitration proceedings or by deposition taken during the arbitration proceedings, whether or not offered during the arbitration hearing, shall be governed by the rules of civil procedure and the rules of evidence, except that the transcript of the testimony of any expert medical witness or other expert offered as evidence during the arbitration proceedings, whether or not admitted into evidence by the arbitration panel and whether given in person or by depositions, shall be admissible at the trial, so far as admissible under the rules of evidence, whether or not the witness is available.

Panel when resolving the material question of the date of the incident. The medical records certified by affidavit established the only date the appellant-husband fell from the gurney was August 29, 1984. The appellants improperly relied upon the pleadings to establish that the incident occurred on September 3, 1984.

We find that no genuine issue of material fact remained in dispute and the trial court properly granted the appellee's motion for summary judgment. The appellants failed to respond to the appellee's motion for summary judgment with specific facts or affidavits proving the accident occurred on September 3, 1984. We find the appellants' first allegation without merit.

■ Secondly, the appellants contend that the present action is not barred by the statute of limitations.

An action to recover damages for injury to the person, according to 42 Pa.C.S.A. § 5524(2) [4] requires that the cause of action be commenced within two years of the injury.

The computation of the period of time referred to in any statute is governed by the applicable provision of the Statutory Construction Act of 1972, namely, 1 Pa.C.S.A. §§ 1908, 1909, 1910.

### 1 Pa.C.S.A. § 1908 Computation of Time:

When any period of time is referred to an any Statute, such period in all cases, except as otherwise provided in Section 1909 of this title, (relating to publication for successive weeks) and Section 1910 of this title, (relating to computation of months), shall be computed so as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday of Sunday, or any day made a legal holiday by

---

4. **Section 5524. Two year limitation.**
    (2) An action to recover damages for injures to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

the laws of this Commonwealth or of the United States, such day shall be omitted form the computation.

1 Pa.C.S.A. § 1908.

1 Pa.C.S.A. § 1910 (Computation of months) provides:

When in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

1 Pa.C.S.A. § 1910.

Section 1909 determines the computation for the publishing of notices and is inapplicable for purposes of computing time relative to the Statute of Limitations. *See* 1 Pa.C.S.A. § 1909.

Instantly, the appellants contend that the computation of the period of time referred to in any statute is governed by the applicable provisions of the Statutory Construction Act of 1972, 1 Pa.C.S.A., Section 1908, as well as Pa.R.C.P. 106. Further, the appellants state the Statutory Construction Act and The Rules of Civil Procedure are each consistent in establishing the principle that when a period of time is referred to in either the rules or the statute, that time should be computed so as to exclude the first day of the period and to exclude the last day of the period when that day falls on Saturday or Sunday or a day made a legal holiday by the laws of the Commonwealth.

**Rule 106 Pa.R.C.P.  Computation of time:**

(a) When any period of time is referred to in any Rule, such period in all cases, except as otherwise provided in Rules 107 and 108, shall be so computed as to exclude the first and include the last day of such period.

(b) Whenever the last day of any such period shall fall on Saturday of Sunday, or any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

Pa.R.C.P. Rule 106.

The appellants argue that, even if the accident occurred on August 29, 1984, their action is not barred by the statute of limitations. According to the appellants the first day to be included for the purposes of computation under 1 Pa.C. S.A. § 1908 would be August 30, 1984; thus the two-year limitation period would have expired Saturday, August 30, 1986. The appellants noted that Saturday, August 30, 1986, Sunday, August 31, 1986, and Labor Day, September 1, 1986, should be omitted from the computation thereby making Tuesday, September 2, 1986, as the last day of the two-year limitation period.

However, we find, when applying either 1 Pa.C.S.A. § 1908, or § 1910, to compute the two-year limitation deadline, Friday, August 29, 1986, would be the final day of the two-year limitation period. Additionally, Pa.R.C.P. Rule 106(a) applies except as otherwise provided in Rule 107 and 108.[5]

Pa.R.C.P. Rule 108 applies to computation of months wherein the "day of the month in the last month [is] counted having the same numerical order as the day unless there are not so many days in the last month so counted." Based on Rule 108, we find the appellants improperly excluded the day of the incident when calculating the end of the limitation period according to the computation by month procedure.

---

**5.** Pa.R.C.P. Rule 108. Time. Computation of Months.

Whenever in any rule the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there are not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

Moreover, the following calculation results when using 1 Pa.C.S.A. § 1908 to determine the end of the limitation period. August 29, 1984, the date of the fall, would not be counted. Therefore, August 30, 1984, would be counted as the first day of the limitation period, and August 29, 1985, would be counted as the 365th day. The 730th day, or the last day of the limitation period was Friday, August 29, 1986, a business day and not excluded as a legal holiday. The appellant failed to file the present cause of action before Friday, August 29, 1986, the final day of the two-year limitation period.

When computing the two-year limitation period by using 1 Pa.C.S.A. § 1910, the 24 month computation, the same result is obtained as when applying 1 Pa.C.S.A. § 1908. Since the incident occurred on August 29, 1984, the month of August, 1984, is not included in the count. September 29, 1984, would be counted as the end of month # 1 of the limitation period. August 29, 1985, would be counted as the end of the 12th, and Friday, August 29, 1986, would be the 24th month and the end of the two-year limitation period.

Consequently, whether the appellants choose to compute the final day of the two-year statute of limitation period according to 1 Pa.C.S.A. § 1908 or § 1910, the period ends Friday, August 29, 1986. We reject the appellants' use of Pa.R.C.P. Rule 106 wherein the appellants state the day after the incident was the day to be used for the computation of months. When using the computation of months as found in 1 Pa.C.S.A. § 1910 or Rule 108, the date of the incident starts the two-year period running, with the corresponding anniversary date of the incident in the following month being the first month of the 24 month computation. The appellant improperly proffers that the anniversary date of the incident was August 30, 1984, and therefore, the limitation period ended Saturday, August 30, 1986. The appellants claim that the day of the incident is to be excluded from both the 24 month computation of 1 Pa.C.S.A. § 1910, and the 730 day computation of § 1908. The

first day is only excluded when using 1 Pa.C.S.A. § 1908 to compute the 730 day limitation period.

It has long been the law in Pennsylvania that where a statute fixes a time within which an act must be accomplished, courts do not have the power to extend it or allow the act to be done at a later date. *See Wise v. Cambridge Springs*, 262 Pa. 139, 142–43, 104 A. 863 (1918). The appellants were required to file suit on or before Friday, August 29, 1986, and the record reveals that the appellants filed this suit on September 2, 1986.

We find that the date of the appellant-husband's injury was not in dispute, and, therefor, the trial court properly granted the appellee's motion for summary judgment since the appellants failed to commence the cause of action within the two-year statute of limitation period. We therefor affirm the order of the trial court.