Shallenberger Construction Inc.
v. Rath Builders Supply Inc.

C.P. of Fayette County, no. 1091 of 2000 G.D.

*W. Alan Torrance Jr.,* for plaintiff.
*John B. Cromer,* for defendant.

SOLOMON, *J.,* January 8, 2002—This is a motion for summary judgment filed on behalf of the defendant, Rath Building Supply Inc. The plaintiff, Shallenberger Construction Inc., brought suit against the defendant because of the plaintiff's failure to obtain a contract with the Pennsylvania Department of Transportation. The plaintiff wished to submit a bid to PennDOT for a project entitled State Route 201, section 07R Water Relocation Project, Township of Dunbar, Fayette County, Pennsylvania. Since the project required a six percent goal of the original contract amount for individuals certified as Disadvantaged Business Enterprises (DBE), the plaintiff contacted the defendant to obtain a price for materials to be used on the project. At that time, the defendant informed the plaintiff that it qualified as a Disadvantaged Business Enterprise regular dealer and, therefore, 100 percent of the fee or commission charged for assistance in the procurement of the material and supplies would be counted towards the six percent goal. The plaintiff then submitted a bid to PennDOT and was deemed the lowest bidder.

In order to meet the requirements of the project, the plaintiff submitted the required documents, including the defendant's status in the DBE program. Upon review, PennDOT advised the plaintiff that the defendant was certified as a broker, not a regular dealer. As a result, the plaintiff was unable to attain the six percent goal and was not awarded the contract on the project with PennDOT.

The plaintiff then filed a complaint against the defendant alleging negligent misrepresentation, breach of warranty, and detrimental reliance to which the defendant filed a demurrer for failure to state a cause of action. The Honorable Conrad B. Cappuzi, Judge, granted the demurrer as to negligent misrepresentation and the breach of warranty based on lack of a contractual relationship between the parties. However, the detrimental reliance claim was permitted to stand. Thereafter, the defendant filed the instant motion for summary judgment, asserting that the doctrine of promissory estoppel, upon which the plaintiff's claim is based, is ordinarily limited to recovery of amounts actually lost and expended in reliance on the promise, and that loss of expected profit is not recognized. Hence, since the plaintiff is only claiming lost profits under a theory of promissory estoppel, no genuine issue of material fact exists and, thus, the defendant is entitled to summary judgment as a matter of law.

## DISCUSSION

Motions for summary judgment are governed by Pa.R.C.P. 1035.2 which provides that:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports,

an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Under subparagraph (2), if the record contains insufficient evidence of facts to make out a prima facie cause of action, there is no issue to be submitted to a jury. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action. Note to Pa.R.C.P. 1035.2. The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000).

It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). However, the court must examine the record in the light most favorable to the non-moving party, *Sabelin v. Yamaha Motor Corp.,* 705 A.2d 904 (Pa. Super. 1998), and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999); *Doe v. Philadelphia Community Health Alternative AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted in part,* 563 Pa. 125, 758 A.2d 166 (2000), *affirmed,* 564 Pa. 264, 767 A.2d 548 (2001). Summary judgment may only be invoked if the record shows there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Young v. Eastern Engineering and Elevator Co.,* 381 Pa. Super. 428, 554 A.2d 72 (1989). With these precedents in mind, we will consider the motion of the defendant for summary judgment.

Under the doctrine of promissory estoppel, a promise which the promisor should reasonably expect to induce action on the part of the promisee, and which does induce such action, is binding if injustice can be avoided only by enforcement of the promise. *Berliner v. Bee Em Manufacturing Co.,* 383 Pa. 458, 119 A.2d 65 (1956). Essentially, the detrimental reliance by the promisee creates the consideration necessary for the formation of a contract, the breach of which is actionable, *Travers v. Cameron County School District,* 117 Pa. Commw. 606, 544 A.2d 547 (1988), as an independent cause of action. *Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 9, 543 A.2d 1148, 1152 (1988), citing *Cardamone v. University of Pittsburgh,* 253 Pa. Super. 65, 74, 384 A.2d 1228, 1233 (1978).

The Supreme Court of Pennsylvania has adopted section 90 of the Restatement of Contracts, which section provides as follows:

"Promise reasonably inducing action or forbearance.

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." *Murphy v. Burke,* 454 Pa. 391, 399 n.10, 311 A.2d 904, 908 n.10 (1973).

This doctrine allows courts to enforce promises unsupported by consideration in order to remedy a manifest injustice. *Id.* To set forth a prima facie case of promissory estoppel, the plaintiff must establish that: "(1) the promisor should reasonably expect to induce a definite action or forbearance on the part of the promisee; (2) it actually induces such action or forbearance; and (3) injustice can

be avoided only by its enforcement." *Paul v. Lankenau Hospital, supra,* 375 Pa. Super. at 9, 543 A.2d at 1152-53.

Instantly, the defendant asserts that there is no material issue of fact as to the issue of promissory estoppel because plaintiff has only sought loss of expected profits and is, therefore, barred from recovery under a theory of promissory estoppel. In support of its position, the defendant cites *Banas v. Matthews International Corp.,* 348 Pa. Super. 464, 502 A.2d 637 (1985), for the proposition that recovery in promissory estoppel is limited to reliance (or actual) damages. This court finds the assertion of the defendant to be misplaced.

In *Banas,* the plaintiff sought damages from the defendant, a former employer of the plaintiff, under theories of defamation and breach of contract. The plaintiff did not assert a cause of action based upon promissory estoppel. The *Banas* court mentioned promissory estoppel in a minor footnote (n.12), 348 Pa. Super. at 486, 502 A.2d at 648, which had no effect on the opinion of the court. The doctrine was not at issue before the court, and the discussion was merely dicta.

As stated, *supra,* our Supreme Court has adopted section 90 of the Restatement of Contracts. *Murphy v. Burke, supra.* Comment (d) to that section states that "[a] promise binding under this section is a contract, and full scale enforcement by normal remedies is often appropriate." Additionally, other cases in this Commonwealth have awarded damages under a promissory estoppel theory outside the scope of reliance damages. See *Paul v. Lankenau Hospital, supra; Travers v. Cameron County School District, supra.*

Therefore, the claim of the loss of expected profits may be a viable remedy in an action based upon promis-

sory estoppel. Thus, at this point in the litigation, viewing the record in the light most favorable to plaintiff, the non-moving party, and resolving all doubt in its favor, there exists a genuine issue of material fact. *Sabelin v. Yamaha Motor Corp., supra; Doe v. Philadelphia Community Health Alternatives AIDS Task Force, supra.* See also, *Line Lexington Lumber & Millwork Co. Inc. v. Pa. Publ'g Corp.,* 451 Pa. 154, 301 A.2d 684 (1973). Accordingly, the defendant's motion for summary judgment must be denied.

Wherefore, we will enter the following order.

## ORDER

And now, January 8, 2002, the motion for summary judgment filed by the defendant is ordered denied.