

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2008

# Dyche v. Bonney

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Dyche v. Bonney" (2008). *2008 Decisions.* Paper 1258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1061

CHARLES DYCHE,
                                    Appellant

v.

LINDA BONNEY;
JOHN 1 DOE; JOHN 2 DOE;
JEFFREY MILLER; BARBARA CHRISTIE

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-1833
(Honorable Sylvia H. Rambo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed May 7, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

    Appellant Charles Dyche applied to become a Pennsylvania State Police ("PSP")

trooper on May 21, 2003.  As part of the application process, he admitted prior illegal but

uncharged sexual conduct with a minor. He asserts the PSP promised him that his disclosure of this incident, which would normally disqualify an applicant, would not impede his admission to the Pennsylvania State Police Academy ("Academy"). Dyche was subsequently admitted to the Academy, which the PSP asserts was an oversight by its review panel. On February 27, 2004, after seventeen weeks in training at the Academy, the PSP rescinded Dyche's acceptance into the training program based on the incident he disclosed.

Dyche filed suit under 42 U.S.C. § 1983, asserting violations of his constitutional due process and associational rights by Linda Bonney, Director of Human Resources for the PSP. Following discovery, Dyche moved to amend his complaint to add the PSP, PSP Commissioner Jeffrey Miller, and PSP Chief Counsel Barbara Christie as defendants and to assert a breach of contract claim against all the defendants. On November 22, 2005, the District Court granted his motion in part, allowing him to add Miller and Christie, but denied his motion to add the PSP or to assert a breach of contract claim against any of the defendants. The court subsequently denied Dyche's Motion for Reconsideration on December 21, 2005, and denied leave to file a second amended complaint on March 13, 2006. On December 7, 2006, the court granted Defendants' motion for summary judgment on all of Dyche's claims, holding Dyche failed to establish a protected property interest to support his due process claim. This appeal followed.

As the District Court correctly concluded, there is no evidence of an explicit employment contract between Dyche and the PSP. Even so, Dyche contends his claim

2

for breach of contract is proper as a claim of promissory estoppel.  He asserts he relied to his detriment on the PSP's representation that he would not be disqualified from admission to the Academy for disclosing his prior sexual misconduct.   But Dyche's promissory estoppel theory is invalid under Pennsylvania law.  *See Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990) ("An [at-will] employee may be discharged with [or] without cause, and our law does not prohibit firing an employee for relying on an employer's promise.").[1]

---

[1]Dyche contends *Paul* is inapposite because the court referenced the doctrine of equitable estoppel, rather than promissory estoppel, in reaching its holding.  He contends *Travers v. Cameron County Sch. Dist.*, 544 A.2d 547 (Pa. Commw. Ct. 1988), which held that allegations of detrimental reliance on promises of employment were sufficient to state a cause of action based on promissory estoppel, is instead applicable here.  Dyche's reliance on *Travers*–a lower court opinion decided prior to *Paul*–is misplaced.  The holding in *Paul* was not narrowly confined to equitable estoppel; rather, *Paul* rejected the theory that detrimental reliance in general could be an exception to the employment at-will doctrine.  The court there explained that, in Pennsylvania, "as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship."  *Paul*, 569 A.2d at 348 (citation omitted).  And, as the court further explained, "[e]xceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy."  *Id*.  Applying these principles, the court held that Pennsylvania law "does not prohibit firing an employee for relying on an employer's promise."  *Id*.  Moreover, Dyche's contention that *Paul*'s estoppel holding should be read narrowly is undercut by the fact that, in Pennsylvania, the doctrines of equitable and promissory estoppel are closely related.  As the court in *Travers* explained, "[p]romissory estoppel is an outgrowth of equitable estoppel," with equitable estoppel functioning as an affirmative defense under Pennsylvania law while "promissory estoppel may serve as an independent cause of action."  *Travers*, 544 A.3d at 550 (citations omitted).  Accordingly, under the Pennsylvania Supreme Court's decision in *Paul*, Dyche's promissory estoppel theory is not a legally cognizable cause of action in Pennsylvania.

3

Even if Dyche's promissory estoppel claim were not legally barred, it would be untenable on the facts he has alleged. Dyche has not asserted the PSP made any representation or promise that, if relied on, could have substituted for an employment contract. Rather, Dyche asserts only that he was promised his prior sexual conduct with a minor would not be held against him for the purpose of his admission to the Academy. But once admitted, all PSP candidates serve an 18-month probationary period, during which time they have no expectation of continued employment and are therefore employed at-will.[2] *See Blanding v. Pennsylvania State Police*, 12 F.3d 1303, 1307 (3d Cir. 1993); *Cooley v. Pennsylvania Hous. Fin. Agency*, 830 F.2d 469, 471 (3d Cir. 1987) (absent a showing that state law has created a legitimate expectation of continued employment, a public employee is presumed to be an at-will employee); *Pipkin v. Pennsylvania State Police*, 693 A.2d 190, 192-93 (Pa. 1997). Dyche has not alleged any promise with respect to an alteration of the statutory requirement that he serve a full probationary period upon admission to the Academy.

Even assuming his factual assertions to be true, Dyche was promised only the opportunity to become an at-will employee. Even if promissory estoppel could give

---

[2]Section 205(f) of the Administrative Code of 1929, as amended, 71 P.S. § 65(f), provides:

> All new cadets and troopers shall serve a probationary period of eighteen months from date of original enlistment, during which time they may be dismissed by the Commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court.

contractual force to this promise, Dyche could not have reasonably relied upon it as a guarantee of ongoing employment; as an at-will employee, his admission to the Academy could have been rescinded, as it was here, "for any reason, or for no reason at all." *Rutherfoord v. Presbyterian-University Hosp.*, 612 A.2d 500, 503 (Pa. Super. Ct. 1992) (internal quotation marks and citations omitted). Accordingly, the District Court did not abuse its discretion in denying Dyche leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) ("We review the District Court's decision to deny . . . [a] request to amend for abuse of discretion."). Amending his complaint to add a breach of contract claim against the Defendants would have been futile. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (district court has discretion to deny leave to amend if it is apparent from the record that the amendment would be futile).

Dyche also contends his procedural due process rights were violated by the rescindment of his admission to the Academy without notice or an opportunity to be heard. But it is a fundamental rule that the Fourteenth Amendment's procedural protection of property only safeguards interests that a person has already acquired in specific benefits. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972). Probationary troopers and cadets of the Pennsylvania State Police do not have a property interest in their continued employment. *E.g.*, *Blanding*, 12 F.3d at 1307; *Graham v. Pennsylvania State Police*, 634 A.2d 849, 851 (Pa. Commw. Ct. 1993).

Dyche, relying on the same facts he asserts in support of promissory estoppel, contends he nevertheless had a "legitimate expectation of continued employment" based

5

on the circumstances of his application. But again, Dyche asserts only a "mutually explicit understanding," based on representations by PSP officials, that his prior sexual conduct with a minor would not disqualify him from admission to the Academy. Dyche does not contend the PSP made any promise or representation that his probationary status would have been altered after his admission to the Academy. Nor does he offer any facts supporting the existence of an agreement to alter his probationary status upon admission, as such a promise by PSP officials would have conflicted with the statutorily-mandated 18-month probationary period for cadets. And as a probationary PSP candidate, Dyche "does not have an expectation of continued employment until he successfully completes his initial eighteen month period of employment." *Pipkin*, 693 A.2d at 193. Accordingly, the District Court properly granted summary judgment on Dyche's procedural due process claim. *See Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984) ("[T]o have a property interest in a benefit that is protected by procedural due process, 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" (quoting *Roth*, 408 U.S. at 577)).

For the foregoing reasons, we will affirm the orders of the District Court.

6