Berliner *v.* Bee Em Manufacturing Company, Appellant.

Argued November 29, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Abram P. Piwosky,* for appellant.

*I. Raymond Kremer,* with him *Morris L. Rush,* and *Rush, Kremer & Maerz,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

Plaintiffs filed a complaint in assumpsit on an oral contract of employment as salesmen on a commission basis, and the defendant filed an answer and amended answer. The commissions were paid in part, but according to plaintiffs' contentions, were not paid in full in that credit was not given for commissions due from sales to department stores, jobbers and sales in job lots.

The principal question is whether the plaintiffs were entitled to such commissions, i.e. as exclusive sales

agents in the territory set forth in the complaint. The jury resolved in favor of plaintiffs certain questions submitted and agreed upon by counsel for the parties, and returned a verdict for plaintiffs.

The appellant complains that the court was in error in not entering judgment n.o.v. But the testimony in this case was sharply contradictory, and the appellant seeks to draw all the inferences from the testimony against the verdict rendered by the jury. This it cannot do. There was no error in the refusal of judgment n.o.v.

The appellant next claims that the verdict was against the weight of the evidence. This contention must also be overruled. There was sufficient credible, competent testimony to sustain the jury's finding that the plaintiffs had sustained damages.

One of the contentions of the plaintiffs at the trial was that they had been improperly dismissed from their employment. This contention was sustained by the jury in a special finding, in that the defendant, by representations and statements, led plaintiffs to believe that they would continue as salesmen for the defendant company for the next selling season. The court, in its general charge, correctly stated that it would be necessary for the plaintiffs, in order to sustain this, to show all the elements of a promissory estoppel under the doctrine of promissory estoppel as stated in the Restatement of Contracts, §90, providing as follows: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." This is the law of Pennsylvania: *Fried v. Fisher,* 328 Pa. 497, 502, 503, 196 A. 39; *Sunseri v. Sunseri,* 358 Pa. 1, 6, 55 A. 2d 370.

In the nature of the case the plaintiffs could not sue for a sum certain and therefore needed an accounting. See *Clark v. Essex Wire Corporation,* 361 Pa. 60, 63 A. 2d 35. There was certainly no prejudice to the defendant in the charge of the court regarding an "accounting," especially in view of the questions submitted to the jury, which answered in the affirmative that the plaintiffs were entitled to it.

Also contrary to defendant's contention, the receipt of the checks from the defendant to the plaintiffs for commissions was not an accord and satisfaction: *Klerlein v. Fred Werner Company, Inc.,* 98 Pa. Superior Ct. 440.

The special findings of the jury which served to resolve the factual dispute between the parties must be taken as a final adjudication of these factual questions, unless, for some proper reason, the court set them aside. See *Golder v. Rabinowitz,* 125 Pa. Superior Ct. 573, 190 A. 407.

There is no merit in this appeal and accordingly the judgment is affirmed.