LAKES, APPELLANT, *v.* BUCKEYE STATE MUTUAL INSURANCE ASSN., APPELLEE.

(No. 201—Decided April 20, 1959.)

*Mr. James Hapner, Mr. M. M. Carlisle* and *Mr. Benson L. Owens,* for appellant.

*Mr. Thomas H. Monger* and *Messrs. Shipman & Shipman,* for appellee.

COLLIER, J.   This action was instituted in the Common Pleas Court of Jackson County by the plaintiff, Phillip Lakes, the appellant herein, against the Buckeye State Mutual Fire Insurance Association, the defendant, on a fire insurance policy issued by

the defendant association to the plaintiff on March 2, 1953. The parties will be referred to herein as the plaintiff and defendant, the same position in which they appeared in the Common Pleas Court.

The plaintiff, in his petition, avers that the defendant insured plaintiff against loss by fire on a dwelling house, barn, and other farm buildings, household effects, farm machinery and equipment, tractor, grain, etc., located on a farm in Jackson Township, Jackson County, Ohio; that on December 2, 1955, all of that property was destroyed by fire; and that the plaintiff thereby sustained a loss of $16,300.

To this petition the defendant interposed four defenses, the first defense being a general denial. The second averred that the defendant was induced to issue the policy by reason of a certain warranty contained in the application for the policy, executed by the plaintiff, that plaintiff had never sustained a previous loss over $100; that the warranty was false in that the plaintiff, prior to the execution of the application, had sustained losses in excess of $100; and that defendant relied upon the warranty, unaware that it was false. The third defense averred a condition in the policy of nonliability "if, whether before or after a loss, the assured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof," and that the plaintiff, in the proof of loss, stated under oath that the origin of the fire was unknown to him, when, as a matter of fact, the origin of the fire was fully known to the plaintiff. The fourth defense alleged that, in the proof of loss, the plaintiff reported numerous articles of personal property lost and damaged which were not destroyed or damaged or were not situated on the premises at the time of the fire.

Plaintiff's reply to the amended answer was a general denial. The defendant, by cross-petition, asks judgment against the plaintiff in the sum of $5,569.81, claiming that amount was paid on the policy by the defendant to the plaintiff to cover a prior loss alleged to have been sustained by plaintiff; and that defendant was induced to pay plaintiff that sum by reason of such false and fraudulent warranties as averred in its second defense. Plaintiff's answer to defendant's cross-petition amounts to a general denial.

On the trial, pursuant to Section 2315.15, Revised Code, the issues were submitted to the jury on a special verdict in interrogatory form, consisting of six questions. The questions and answers thereto as returned by the jury, are as follows:

"No. 1. At the time Phillip Lakes made his application for fire insurance on March 2, 1953, did he tell Homer Bert, the authorized agent of the insurance company, that he had had prior fire losses in an amount in excess of $100.00? Answer: Yes.

"No. 2. From the date of the insurance application on March 2, 1953, until the date of the fire at the Tick Ridge Farm on December 2, 1955, did the insurance company, through any of its authorized agents, have actual knowledge that Mr. Lakes had had fires prior to the application in an amount in excess of $100.00? Answer: No.

"No. 3. Was all of the personal property listed by Mr. Lakes in his proof of loss destroyed by fire? Answer: No.

"No. 4. If all of the personal property in the proof of loss was not destroyed by fire, was the greater portion, or substantially all of the property destroyed? Answer: No.

"No. 5. If all of the personal property in Mr. Lakes' proof of loss was not destroyed, was this fact wilfully concealed by Mr. Lakes with the knowledge that the proof of loss was not correct? Answer: Yes.

"No. 6. From Mr. Lakes' proof of loss, list the personal property destroyed by fire and the cash value of the same at the time of the fire?" The answer consists of a list of personal property and the value thereof.

The trial court entered judgment on the special verdict on the plaintiff's petition in favor of the defendant and on defendant's cross-petition, in favor of the plaintiff. Both parties have perfected their appeal on questions of law from these respective judgments.

Under the 11 assignments of error, 25 alleged errors in the trial of the case are urged by the plaintiff in a very lengthy brief. We have examined the entire record very carefully and find it replete with irrelevant matter. The third defense in defendant's amended answer was withdrawn from consideration by the jury, leaving only two real issues presented by the pleadings and the evidence to be determined by the jury. These issues of fact are:

(1) Did the plaintiff falsely state in the application for the policy that he had never sustained a prior loss in excess of $100?

(2) Did the plaintiff falsely report personal property in the proof of loss which was not destroyed or was not situated on the premises?

However, a great portion of the record discloses an attempt by the plaintiff to show the good character and reputation of the plaintiff, that after an investigation, instigated by the state fire marshal, the plaintiff was not indicted by grand jury, that the plaintiff was honorably discharged from the United States Army, that the plaintiff had repaid certain loans made him by local banks, that the plaintiff had been honest in meeting his obligations in specific financial transactions with certain individuals and that other persons holding policies with the defendant association had difficulty with the defendant in collecting losses sustained by them. All this evidence adduced or proffered by the plaintiff to establish this irrelevant matter is incompetent and not admissible for any purpose.

Plaintiff contends that proof of plaintiff's good character was admissible because the plaintiff admitted on cross-examination that he had been convicted of criminal offenses and had served a sentence in the penitentiary; and that, thereby, his character had been attacked and made an issue in the case. Plaintiff also asserts that the nature of the defense in this action imputes fraud and dishonor to the plaintiff, thereby rendering proof of his good character competent. Such is not the law in Ohio. The generally accepted rule excludes character evidence in civil actions, even where fraud is imputed or dishonor is charged, except in actions for libel, slander, malicious prosecution, seduction or assault and battery, in which, by reason of the nature of the action, the character or reputation of a party becomes a matter in issue. The case at bar has no relation to the character of the plaintiff. It is simply an action based on an insurance contract to recover a loss alleged to have been sustained by the plaintiff. The fact that the plaintiff admits having been convicted of a felony, which may have some bearing on his credibility as a witness, does not alter the rule and render admissible evidence bearing upon his character or reputation. It is only when there is a direct attack upon the character of a

party to an action in an attempt to impeach him that such evidence becomes admissible. *Mutual Life Ins. Co.* v. *Kelly*, 49 Ohio App., 319, 197 N. E., 235; 21 Ohio Jurisprudence (2d), 237, Section 223; 20 American Jurisprudence, 299, Section 319. This question is well annotated in 15 A. L. R., 1065, and 78 A. L. R., 643.

In cases falling within the exception, as above set forth, where evidence showing good character is admissible, the general rule is that it must be proved by evidence of general reputation in the community, and not by specific acts or from personal knowledge of the witness, as was done in the case before us. 21 Ohio Jurisprudence (2d), 240, Section 225.

Since a number of the assignments of error are based upon the procedure relating to the plaintiff's attempt to introduce this irrelevant matter, which cannot form the basis upon which to predicate error, no further consideration of such alleged errors is necessary, except to say that it served only to extend the trial to unreasonable length and to becloud and confuse the real issues.

In other assignments of error, plaintiff claims the trial court erred in overruling plaintiff's motion to strike defendant's third defense from the amended petition. The record shows this motion was sustained in open court with no request by plaintiff for a more specific ruling. Also, it is claimed that there was error of omission in the general charge; error in permitting defendant to cross-examine plaintiff concerning other fire losses he had sustained, his criminal record and his family status; error in refusing to give specific instructions requested by plaintiff before argument; error in limiting the argument to forty minutes; and error in designating the court reporter to escort the jury to a hotel for their dinner after the case had been submitted. We have carefully considered all these alleged errors, and, under the circumstances as disclosed by the record, find no irregularity of sufficient consequence to justify a reversal of the judgments.

The most important question to be determined in this appeal is whether the findings in the special verdict are sufficiently clear and certain to warrant the judgments rendered thereon by the trial court. Obviously, the defendant relied upon favor-

able answers to questions relating to the application for the policy and the proof of loss to show nonliability of the defendant and defendant's right to recover on its cross-petition. Briefly stated, these questions are:

(1) Did the plaintiff falsely state in the application he had not previously sustained a loss in excess of $100?

(2) Did the plaintiff falsely report personal property in the proof of loss that was not destroyed by fire, and, if so, was this fact wilfully concealed by the plaintiff?

Likewise, the plaintiff's right to recover depended entirely upon the answers to these two questions being favorable to him. In answer to question No. 1 submitted to the jury, the finding is that the plaintiff revealed to the defendant's agent at the time the application was executed that he had sustained prior fire losses in excess of $100. This finding is adverse to the claims of the defendant and favorable to the plaintiff. Since the defendant bases its right to recover the amount paid to the plaintiff on this same policy for a previous loss on false representations in the application, the answer to question No. 1 is clearly determinative of that issue. Therefore, the trial court was justified in rendering judgment for the plaintiff on defendant's cross-petition.

In answer to question No. 5, the jury found that the plaintiff wilfully concealed the fact from the defendant that some of the personal property reported in the proof of loss was not destroyed by fire. This act of the plaintiff is plainly violative of the condition of the policy to the effect that any wilful concealment or misrepresentation of a material fact would render the entire policy void. In answering the other questions submitted, the jury found no other facts contrary to or inconsistent with this finding.

Let us assume that the case was submitted to the jury on a general verdict, with a request for the same specific findings of fact and the general verdict was rendered in favor of either party with the same answers to these interrogatories. Would not such specific findings be inconsistent with a general verdict for either party requiring the court to set such general verdict aside? We think so.

After a careful examination of the entire record, including the assignments of error and briefs, we find no substantial error

that denied either party a fair trial and, therefore, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.

(Decided June 1, 1959.)

ON APPLICATION for rehearing.

*Per Curiam.* An application on behalf of the plaintiff, appellant herein, has been filed requesting a special ruling on 37 assigned errors.

In our original opinion, all assigned errors were fully considered and ruled upon. We do not consider it necessary to discuss all the alleged errors separately, for the reason most of the assignments of error are improperly predicated upon irrelevant matter injected into the case by plaintiff. Our original decision should be a sufficient guide to the trial court and counsel in the trial of the companion case, which should be confined to the issues presented by the pleadings and the evidence.

The application for rehearing is not well taken and is, therefore, hereby overruled.

*Application overruled.*

GILLEN, P. J., RADCLIFF and COLLIER, JJ., concur.