398 P.2d 59

Ferminiea LOVATO, Plaintiff-Appellant,

v.

Leslie HICKS, Defendant-Appellee.

No. 7544.

Supreme Court of New Mexico.

Jan. 4, 1965.

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

NOBLE, Justice.

Plaintiff has appealed from a judgment dismissing her complaint following a gen-

eral jury verdict resolving the issues in defendant's favor.

Plaintiff's action was for damages for personal injuries resulting from the alleged negligent operation of a truck by defendant. Specifically, she alleged that material (a piece of wood) blew off of defendant's truck, striking the windshield of the automobile in which she was a passenger. She asserts that as a result of a quick stop by the driver of the car, she was thrown against the dash, receiving a bruise to her right breast, which resulted in the aggravation of a cancerous growth necessitating the removal of the right breast on October 26, 1960, some two weeks after the accident. In October, 1962, a second cancer growth was removed from the left arm pit. Plaintiff contends that the second cancer resulted from a spread of the disease through the lymph glands as a result of the trauma to the right breast.

At the conclusion of the plaintiff's case, the court struck the allegation regarding aggravation of the cancer and its spread to other parts of her body, but permitted the doctor's testimony to remain. The jury answered two special interrogatories: (1) finding the defendant Hicks negligent and (2) that the plaintiff suffered no injury. The jury's general verdict found the issues in defendant's favor.

Plaintiff rests her appeal on two points relied upon for reversal: (1) that it was error to take from the jury the issues of aggravation and spread of the cancer, and (2) that the special interrogatories submitted misleading issues to the jury and constituted prejudicial error. However, in our view, the jury's finding of fact that plaintiff suffered no injury disposes of the case, and we do not reach the question of the propriety of the striking of the cancer allegations.

Plaintiff's claim to damages by reason of the alleged aggravation and spread of cancer rests entirely upon an asserted injury resulting from a blow to plaintiff's breast as being the proximate cause of the cancer damage. It follows, of course, that the jury having found that she suffered no injury, there can be no recovery unless that finding is set aside. White v. Valley Land Company, 64 N.M. 9, 322 P.2d 707.

The special interrogatories were submitted under provision of Rule 49 (Rules of Civil Procedure (§ 21-1-1(49), N.M. S.A.1953) ), and the answers thereto, which resolved a factual dispute between the parties, constituted a finding of fact by the jury on such issues and a final adjudication of such factual question between the parties, unless, for some proper reason the answer must be set aside by the court. Berliner v. Bee Em Mfg. Co., 383 Pa. 458, 461, 119 A.2d 65; Nienow v. Village of Mapleton, 144 Minn. 60, 174 N.W. 517;

Lakes v. Buckeye State Mut. Insurance Ass'n, 110 Ohio App. 115, 168 N.E.2d 895; Nuquist v. Bauscher, 71 Idaho 89, 227 P.2d 83; In re Morrison's Estate, 55 Ariz. 504, 103 P.2d 669; Todd v. Borowski, 25 Ill. App.2d 367, 166 N.E.2d 296; Majerus v. Guelsow, 262 Minn. 1, 113 N.W.2d 450; Tennyson v. Green, 217 S.W.2d 179 (Tex. Civ.App.1948). Compare Bryant v. H. B. Lynn Drilling Corporation, 65 N.M. 177, 334 P.2d 707. Such findings by a jury in answer to interrogatories stand in the same posture on appeal as a finding of fact by the trial court in a case tried without a jury.

It is well established that findings of fact are conclusive on appeal unless set aside because not supported by the evidence. O'Meara v. Commercial Insurance Co., 71 N.M. 145, 376 P.2d 486; American Hospital & Life Insurance Co. v. Kunkel, 71 N.M. 164, 376 P.2d 956; Bogle v. Potter, 72 N.M. 99, 380 P.2d 839. On appeal, the Supreme Court must view the evidence in the light most favorable to support the findings of fact or verdict of the jury, and this court is not justified in setting such findings or verdict aside unless they cannot be supported by the evidence or inferences therefrom. Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700; Huston v. Huston, 56 N.M. 203, 242 P.2d 495; Moore v. Armstrong, 67 N.M. 350, 355 P.2d 284. A careful review of the evidence and reasonable inferences grow-ing therefrom convinces us that it does substantially support the jury's finding that the plaintiff suffered no injury. We do not think the evidence and reasonable inferences therefrom require a determination that reasonable minds cannot differ concerning a contrary result.

█ Plaintiff's second point on appeal is that it was prejudicial error to submit the interrogatories to the jury because they were misleading. The objection in the trial court was that it would tend to confuse the jury "by introducing collateral matters and by particularizing."

Attention is called to Rule of Civil Procedure 46 (§ 21-1-1(46), N.M.S.A.1953), requiring that an objection state the grounds therefor. The purpose of any objection during the trial of a case is to alert the mind of the judge to the claimed error so that he may correct it. This court said in State v. Compton, 57 N.M. 227, 257 P.2d 915, that:

> "* * * This fundamental purpose must be read into any and all rules on the subject. * * *"

We think the objection was not sufficient to alert the mind of the trial judge to the specific vice claimed in the interrogatory. An appellate court will not reverse on some ground not particularized at the trial. Tietjen v. McCoy, 24 N.M. 94, 172 P. 1042; Reck v. Pacific-Atlantic S. S. Co., 180 F.2d 866 (2nd Cir. 1950); Terri-

tory v. Guillen, 11 N.M. 194, 66 P. 527. See, also, Fulghum v. Madrid, 31 N.M. 91, 240 P. 990; Henderson v. Dreyfus, 26 N. M. 541, 191 P. 442.

Plaintiff argues for the first time on appeal that the form of the question was a mixed one of law and fact, not permitted by Rule 49, which authorizes interrogatories "upon particular questions of fact," and that the interrogatory lacks definition of terms. It is well settled that to save a question for review, it must be presented to the trial court and a ruling invoked thereon. Louderbough v. Heimbach, 68 N. M. 124, 359 P.2d 518. We must conclude that the objections made in the trial court to the interrogatory were insufficient to suggest the error now urged.

It follows that the form of the interrogatory cannot be reviewed for an error claimed for the first time on appeal. It is contended that the interrogatory was misleading because the jury may have thought it was carrying out the court's instruction to disregard the claim to cancer damage. We do not agree. The jury was carefully and fully instructed on the issues of injury and damages.

The judgment appealed from must be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.