877 P.2d 562

STATE of New Mexico, Plaintiff–Respondent,

v.

Victoria ALINGOG, Defendant–Petitioner.

No. 21739.

Supreme Court of New Mexico.

June 2, 1994.

757

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for respondent.

Gregg Vance Fallick, Barbara E. Bergman, Ray Twohig, Albuquerque, for amicus curiae NM Crim. Defense Lawyers Ass'n.

Robert M. Schwartz, Steven S. Suttle, Albuquerque, for amicus curiae NM, Dist. Attys. Ass'n.

## OPINION

RANSOM, Justice.

On petition of Victoria Alingog, we issued our writ of certiorari to the Court of Appeals to consider whether, in the context of double-jeopardy principles, it was appropriate for the Court to apply the doctrine of fundamental error to the advantage of the State in its appeal of the trial court's dismissal of a criminal charge. *See State v. Alingog*, 116 N.M. 650, 866 P.2d 378 (Ct.App.1993). Two opinions of the United States Supreme Court are at the heart of the controversy: *Ohio v. Johnson*, 467 U.S. 493, 501–02, 104 S.Ct. 2536, 2541–43, 81 L.Ed.2d 425 (1984) (stating that defendant who pleads guilty to fewer than all charges in a *single prosecution* for the same offense is not entitled to dismissal of remaining charges prior to jury verdict); and *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977) (holding that double-jeopardy principles preclude prosecution on *subsequent charge* of greater offense following plea of guilty and sentencing on lesser included offense). *See also United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and stating that successive prosecutions need not satisfy the *Grady* "same conduct" test[1] to avoid double jeopardy).

After a Border Patrol Agent stopped Alingog for driving erratically, Alingog was released upon the radioed command of a state police sergeant. When the agent saw Alingog drive off erratically, he again stopped her and requested that the sergeant personally come to the site of the second stop. While waiting for the sergeant to arrive, Alingog drove away. The agent, the state police, and county sheriff deputy Bill Woltz, among others, began to pursue Alingog. After they forced her to stop, Woltz got out of his car and began walking toward her car. Alingog put her car into reverse and drove toward Deputy Woltz, although there was room for her to go around him. Woltz jumped out of the way and fired at Alingog's car. After a high-speed chase, Alingog was stopped at a road block several miles north of the place where Deputy Woltz had almost been hit. She had to be physically removed from her car and resisted arrest when officers tried to handcuff her.

Alingog was charged with the felony of aggravated assault on a peace officer with a deadly weapon (motor vehicle) under NMSA 1978, Section 30–22–22(A)(1) (Repl. Pamp.1984), and with six misdemeanor counts, including resisting, evading, or obstructing an officer under NMSA 1978, Section 30–22–1. She pleaded no contest to all six misdemeanors, and consequently the trial court eventually dismissed the companion felony count. On the State's appeal, the Court of Appeals reversed the trial court for fundamental error in making the double-jeopardy determination without giving the jury an opportunity to convict or acquit Alingog as required under *Johnson*. We reverse the Court of Appeals and affirm the district court.

Addressing a pretrial motion to dismiss, Alingog argued to the trial court that, as would be demonstrated at trial, the incident involved one continuous act of resisting and that, in fact, the State had charged only one act in its traffic citation and information. Citing *Brown* for support, she contended that because she had pleaded guilty to resisting arrest, which is a lesser included offense of aggravated assault on a peace officer if it arises from the same act, she could not be successively tried on the greater offense. The district court took the motion under

---

1. The *Grady* test provides that "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defen- dant has already been prosecuted," the state may not again prosecute the defendant. 495 U.S. at 510, 110 S.Ct. at 2087.

advisement until after the State presented its case. The felony count was tried to a jury and, after the State rested its case, Alingog renewed her motion for dismissal. The State objected to the motion, urging that the incidents of assault and resisting arrest were separate offenses, that no charge was inclusive of another, and that the conduct was not unitary. For support, the State cited to *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), *State v. Gonzales*, 113 N.M. 221, 224, 824 P.2d 1023, 1026 (1992), and *Swafford v. State*, 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991).

The district court granted the motion to dismiss, holding that the act had to be considered unitary ("same conduct") because of the charging documents and that Alingog had a right to rely on those documents to determine the basis of her charge of resisting arrest and, consequently, her plea of no contest. The court held that because Alingog had pleaded no contest to resisting an officer in reliance on the charging documents and because the State had accepted a plea to that lesser included offense, she could not successively be tried on the greater offense of aggravated battery arising from the same act.

■ On appeal to the Court of Appeals, the State argued that the court erred in finding a double-jeopardy violation. The State for the first time, however, based its argument on *Johnson*. Under *Johnson*, if after pleading guilty to a lesser included offense, a defendant is found guilty of the greater offense, the trial court may enter judgment of conviction and sentence only for the latter offense. 467 U.S. at 501–02, 104 S.Ct. at 2541–43. Alingog argued that the State failed to preserve this issue for review by not bringing *Johnson* to the trial court's attention. In its reply brief, the State argued that error was preserved by presenting the general question of whether a double-jeopardy violation in fact occurred.

Alternatively, the State argued that because the issue involved a question of public interest, the appellate court could consider it in its discretion under SCRA 1986, 12–216(B)(1) (Repl.Pamp.1992) (questions of general public interest may be considered on appeal though not preserved for review). The State also argued that it "has a fundamental right to one full and fair opportunity to convict those who have violated its laws.... Because the fundamental rights of a party are involved, the state should be able to raise the issue for the first time on appeal." *See* SCRA 12–216(B)(2) (fundamental error or fundamental rights of a party may be considered on appeal though not preserved for review). The Court of Appeals believed the *Johnson* argument to be dispositive, but agreed with Alingog that the State had not properly preserved that argument for appeal because it failed to raise it in the trial court. Concluding that "the district court's dismissal of the State's case ... resulted in a miscarriage of justice," the Court of Appeals addressed the unpreserved claim of error under the doctrine of fundamental error. *Alingog*, 116 N.M. at 657, 866 P.2d at 385.

■ *The State failed to preserve error by failing to draw the court's attention to the fact that this was a single prosecution.* In her motion to dismiss, Alingog based her double-jeopardy argument on the prohibition against a "successive prosecution for the same crime" as found in *Brown*. *Brown* supports the principle that a defendant who pleads guilty to *and is sentenced for* a lesser included offense cannot be reprosecuted for a greater offense arising from the same act. *See* 432 U.S. at 169, 97 S.Ct. at 2227 (stating double jeopardy "forbids successive prosecution and cumulative punishment for a greater and lesser included offense"); *United States v. Santiago Soto*, 825 F.2d 616, 619 (1st Cir.1987) (holding that under *Brown*, jeopardy attaches not upon acceptance of guilty plea, but at time of imposition of sentence and entry of judgment); *United States v. Combs*, 634 F.2d 1295, 1298 (10th Cir.1980) (holding that acceptance of guilty plea immediately before trial for greater offense was not a criminal prosecution because "[u]ntil entry of judgment and sentencing on the accepted guilty plea, defendant had not been formally convicted"), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981); *cf. Johnson*, 467 U.S. at 501–02, 104 S.Ct. at 2541–43 (distinguishing *Brown* because the

defendant there had been sentenced, and therefore, "convicted in a separate proceeding"; and stating the Court did not believe to be present "the principles of finality and prevention of prosecutorial overreaching applied in *Brown* ").

■ Instead of arguing that acceptance of the no contest plea did not make trial on the greater offense a "successive prosecution" and that *Brown* thus did not control, the State persisted in arguing only that the aggravated assault was not the same offense. Thus, the trial court's ruling on the issue of successive versus single prosecutions was not fairly invoked as required by our rules of procedure and case law. *See* SCRA 12–216(A) (to preserve question for review, ruling must be "fairly invoked"); *Lovato v. Hicks,* 74 N.M. 733, 736, 398 P.2d 59, 61–62 (1965) (stating that "[t]he purpose of any objection during the trial of a case is to alert the mind of the judge to the claimed error so that he may correct it," and refusing to review error because appellant in objection at trial had not sufficiently alerted the mind of the judge to the same ground at trial as on appeal).

■ *Principle of fundamental error affords review of State's unpreserved questions only if miscarriage of justice has resulted.* The doctrine of fundamental error is invoked when a court considers it necessary to avoid a miscarriage of justice. *State v. Ortega,* 112 N.M. 554, 566, 817 P.2d 1196, 1208 (1991). Under SCRA 12–216(B)(2), an appellate court may review unpreserved error if the question involves fundamental error or fundamental rights of a party. While the state does not have the fundamental rights granted an individual under the Bill of Rights and the Due Process Clause, application of the doctrine of fundamental error to avoid a miscarriage of justice well may be available to the state. There is a strong public interest in favor of substantial justice that may only be overridden by a constitutionally-protected right of a defendant. *See State v. Saavedra,* 108 N.M. 38, 41, 766 P.2d 298, 301 (1988). "Justice", which is defined as the "[p]roper administration of laws," *Black's Law Dictionary* 864 (6th ed. 1990), is not restricted to defendants in criminal cases. We previously have recognized that "[t]he public's interest in the 'orderly administration of justice'" affirms the notion that the prosecution should have "one complete opportunity to convict those who have violated its laws." *County of Los Alamos v. Tapia,* 109 N.M. 736, 742, 790 P.2d 1017, 1023 (quoting *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978)).

■ *Court of Appeals should not have reviewed unpreserved error because State received substantial justice.* We agree, nonetheless, with the dissenting views of Judge Pickard in the Court of Appeals that failure to reach the *Johnson* issue in this case would not result in a miscarriage of justice. *See Alingog,* 116 N.M. at 664, 866 P.2d at 392 (Pickard, J., dissenting). The failure by the state to preserve error obviously does not itself constitute a miscarriage of justice; a miscarriage must exist *notwithstanding* failure to preserve error. Our rules requiring the preservation of questions for review are designed to do justice, and it is only when the merits of applying those rules clearly are outweighed by other principles of substantial justice that we will apply the doctrine of fundamental error. "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.... Orderly rules of procedure do not require sacrifice of the rules of fundamental justice." *Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

■ The Court of Appeals correctly opines that "the State's willingness to accept a plea to a lesser charge has [no] bearing on the State's entitlement to seek a determination of guilt or innocence on the more serious charge." *Alingog,* 116 N.M. at 652–53, 866 P.2d at 380–81. We also perceive no prosecutorial overreaching that would call for the application of double-jeopardy principles in the single prosecution of multiple counts involving the same offense. While the State unquestionably was deprived of an opportunity to convict of the greater offense, there remains the question whether that deprivation constitutes fundamental error. The trial court decided the case presented by the parties, finding that under either the charge or

the facts presented in the State's case in chief the assault was a greater part of the same offense on which Alingog pleaded no contest. This was not fundamental error, it was the discharge of the court's responsibility to decide the issues as presented. Under the facts and conflicting inferences, the State could have requested that the jury decide whether the offense was separate and distinct or the same as the offenses to which Alingog pleaded guilty. *See State v. Brooks,* 117 N.M. 751, 877 P.2d 557 (1994). Instead, the State chose to allow the court to decide whether the offense was separate and distinct notwithstanding the charging document.

■ The principles of substantial justice relied upon by the Court of Appeals as outweighing the rules requiring preservation of error are (1) the public's "strong interest in seeing suspected criminals prosecuted" and (2) the advantage the Defendant took of the State through her trial tactics, including defense counsel's failure to call the judge's attention to the law that would favor the State if this were to be deemed a single as opposed to a successive prosecution. *Alingog,* 116 N.M. at 656, 866 P.2d at 384. Although the rules of professional conduct do provide that a lawyer shall not *knowingly* "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel," SCRA 1986, 16–303(A)(3) (Repl. Pamp.1991), the State has not shown that defense counsel was thinking in terms other than that of a successive prosecution. Furthermore, we do not agree that any such breach of defense counsel's professional duty of candor would lead to fundamental error in the face of the prosecution's own nondisclosure of legal authority.

■ As Judge Pickard notes in her dissent, "part of the purpose of the double jeopardy clause is to prevent the State 'with all its resources and power' from harassing individuals." *Alingog,* 116 N.M. at 663–64, 866 P.2d at 391–92 (citing *Swafford,* 112 N.M. at 7, 810 P.2d at 1227). Under the Court of Appeals opinion, it is only because the State did not properly present the multiple-punish-

ment issue that on remand the State would now enjoy a rehearsed trial of the greater offense. It seems that if there is any miscarriage of justice calling for application of the fundamental-error doctrine, it is the rehearsed trial and not the State's loss of its chance to convict of the greater offense—a loss attributable to error that the State neither raised nor preserved in the trial court. We see no manifest injustice to the State, and we believe that the fundamental rights of the Defendant to be free from once again being put at jeopardy following a rehearsal that was concurred in and prosecuted by the State would itself be manifestly unjust.

*Conclusion.* Because the State failed to preserve error at trial, because that unpreserved error did not result in a miscarriage of justice, and because placing Alingog at jeopardy a second time following a rehearsed trial is suspect, we hold that Court of Appeals erred in reviewing the unpreserved error. We reverse the Court of Appeals and affirm the trial court.

**IT IS SO ORDERED.**

FRANCHINI and FROST, JJ., concur.