This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                              **NO. A-1-CA-35749**

**ERNIE RAY ESTRADA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Matthew J. Edge, Appellate Defender
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KIEHNE, Judge.**

**{1}** The State appeals from the dismissal of this case with prejudice. The district court dismissed the case with prejudice under LR2-400 NMRA (Feb. 2, 2016) as a sanction for failure to timely arraign Defendant Ernie Estrada. The case had already been dismissed once without prejudice due to failure to comply with LR2-400 (2015). Concluding that the State failed to preserve the claims it now raises on appeal, we affirm.

**Background**

**{2}** This case arises out of the district court's interpretation of LR2-400 (Feb. 2, 2016) (the local rule). The local rule is a special case management pilot rule that was applicable to the Second Judicial District Court when this case was dismissed. LR2-400(A) (Feb. 2, 2016). The version of the local rule in effect at the time of the dismissal with prejudice states:

> [t]he defendant shall be arraigned on the information or indictment within ten (10) days after the date of the filing of the bind-over order, indictment, or the date of the arrest, whichever is later, if the defendant is not in custody and not later than seven (7) days if the defendant is in custody.

LR2-400(C)(1) (Feb. 2, 2016). LR2-400(I)(1) states:

> [i]f a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule, the court shall impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply.

LR2-400(I)(2) (Feb. 2, 2016) further provides:

2

[i]n considering the sanction to be applied the court shall not accept negligence or the usual press of business as sufficient excuse for failure to comply. If the case has been re-filed following an earlier dismissal, dismissal with prejudice is the presumptive outcome for a repeated failure to comply with this rule, subject to the provisions in Subparagraph (4) of this paragraph.

Subparagraph (4), in turn, states:

[t]he sanction of dismissal, with or without prejudice, shall not be imposed under the following circumstances: (a) the state proves by clear and convincing evidence that the defendant is a danger to the community; and (b) the failure to comply with this rule is caused by extraordinary circumstances beyond the control of the parties.

LR2-400(I)(4) (Feb. 2, 2016).

{3}     The State originally indicted Defendant on the charges forming the basis of this matter in 2015, and the district court dismissed the case without prejudice on December 18, 2015 because the State failed to comply with LR2-400 (2015) by failing to arrange for Defendant, who was then incarcerated, to be transported to the district court for a pretrial conference. *See* LR2-400(I)(1) (2015) (mandating sanctions for failure to comply with the rule).

{4}     The State re-indicted Defendant on February 25, 2016 for one count of receiving or transferring a stolen vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009); possession of a controlled substance (methamphetamine) (felony/non-narcotic drug), contrary to NMSA 1978, Section 30-31-23 (2011); one count of concealing identity, contrary to NMSA 1978, Section 30-22-3 (1963); and one count of improper use of evidence of registration, contrary to NMSA 1978,

3

Section 66-8-2 (1978). The district court filed an indictment presentation order the same day, and issued a bench warrant for Defendant's arrest. Defendant was incarcerated at this time, and the indictment presentation order indicated that Defendant was "in jail." On May 20, 2016, the district court issued a notice setting Defendant's arraignment on June 13, 2016.

{5}     At the arraignment, Defendant orally moved to dismiss the new indictment with prejudice because he had not been arraigned within seven days of the February 25, 2016 re-indictment, as required by LR2-400(C)(1) (Feb. 2, 2016) for defendants who are in custody. The State responded by saying that it did not know whether Defendant was being held in custody on the charges at issue in this case, or on separate charges related to his eleven to fourteen felony arrests and five felony convictions. The district court interrupted the State and said that it did not matter whether Defendant was being held on the present charges or on other charges, apparently interpreting the local rule to mean that if a defendant is in custody at all, he must be arraigned within seven days, regardless of whether he is being held on the present charges or on charges in another case. After determining the length of time that Defendant had been in custody when the case was initially dismissed, and when the second indictment occurred, the district court asked the State if it had anything else to add. The State responded, "[n]o, Your Honor." The district court noted that Defendant had been in custody since December 28, 2014,

4

and dismissed this case with prejudice based on the fact that he was not arraigned within seven days of the February 25, 2016 re-indictment. The State now appeals.

**Discussion**

**{6}** The State argues that the order of dismissal must be reversed because (1) the district court misconstrued the local rule by imposing a duty on the prosecution to ensure that Defendant was arraigned in a timely manner, when the prosecution has no control over when an arraignment date is set; (2) the district court "rendered the district attorney's exercise of charging authority a nullity and ran afoul of constitutional separation-of-powers principles" by scheduling an untimely arraignment and then dismissing the case based on its own failure; (3) the district court abused its discretion by sanctioning the State without first finding culpable conduct, evaluating prejudice to Defendant, or considering lesser sanctions; and (4) the district court erred in dismissing the case with prejudice on an oral motion without advance notice to the State. Before we may address the merits of the State's claims, however, we must first decide whether the State preserved its arguments for appellate review. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

**{7}** The preservation rule "serves many purposes: it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair

5

opportunity to show why the court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (internal quotation marks and citations omitted). "[I]n order to preserve its arguments for appeal, the [s]tate must have alerted the district court as to which theories it was relying on in support of its argument in order to allow the district court to make a ruling thereon." *Id.* (citations omitted). "[T]he state, as any other party, is subject to the rule that it must make its contentions known in the trial court." *State v. Werner*, 1992-NMCA-101, ¶ 2, 115 N.M. 131, 848 P.2d 1, *rev'd on other grounds,* 1994-NMSC-025, 117 N.M. 315, 871 P.2d 971 (citation omitted).

**{8}**    We may review a claim that has not been preserved when the matter involves the general public interest, plain error, fundamental error, or the fundamental rights of a party. *See* Rule 12-321(B)(2). Appellate courts apply the doctrine of fundamental error "very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims[.]" *State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "A fundamental right is that which the Constitution explicitly or implicitly guarantees." *Richardson v. Carnegie Library Rest., Inc.*, 1988-NMSC-084, ¶ 28, 107 N.M. 688, 763 P.2d 1153, *overruled on other grounds by Trujillo v. City of Albuquerque*, 1998-NMSC-031,

6

¶ 36, 125 N.M. 721, 965 P.2d 305 (citation omitted). A matter of general public interest also provides an exception to the preservation rule when addressing the issue "is likely to settle a question of law affecting the public at large or a great number of cases and litigants in the near future." *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 28, 133 N.M. 669, 68 P.3d 909.

{9} In *State v. Alingog*, our Supreme Court recognized that "the public's interest in the orderly administration of justice affirms the notion that the prosecution should have one complete opportunity to convict those who have violated its laws." 1994-NMSC-063, ¶ 10, 117 N.M. 756, 877 P.2d 562 (alteration, internal quotation marks, and citation omitted). We acknowledge that the State may, in some circumstances, be entitled to application of the fundamental error doctrine in order to avoid a miscarriage of justice, but note that the State does not have the same fundamental rights that an individual does. *Id.* However, in *Alingog*, our Supreme Court "did not expressly hold that the doctrine of fundamental error [is] available to the State." *State v. Tijerino*, 2004-NMCA-039, ¶ 21, 135 N.M. 313, 87 P.3d 1095 (affirming dismissal of indictments where the state failed to preserve argument that conduct forming the basis of the City of Albuquerque's civil forfeiture action and the indictments was not unitary).

{10} We hold that the State did not "fairly invoke" a ruling from the district court on the arguments it now raises on appeal. In response to Defendant's motion, the

7

State merely argued that it did not know whether Defendant was in custody at the time of the February 25, 2016 re-indictment on the charges in this case or on one of his other felony arrests or convictions. This was not sufficient to preserve the arguments it now raises on appeal. The State did not inform the district court of its belief that the local rule imposed no obligation on it to ensure that Defendant was timely arraigned, and did not offer any argument or present any evidence in support of that position. The State did not argue that it was solely the district court's obligation to ensure that Defendant was timely arraigned. The State did not argue that the district court should consider whether the State was at fault, or whether Defendant was prejudiced by the untimely arraignment. The State did not object to Defendant's oral motion, or argue that it was entitled to advance notice of the motion. The State did not alert the district court to its belief that the dismissal violated constitutional separation of powers principles.

{11} We note that the State had the opportunity to preserve its objections for appellate review when the district court asked the State if there was "anything else . . . " before ruling. The State responded, "[n]o, Your Honor," without doing anything to make a record that it objected to the dismissal, such as asking for a continuance or asking for an opportunity to brief the matter. Even after the dismissal, the State did not file a motion to reconsider. *See State v. Gonzales*, 1990-NMCA-040, ¶¶ 41-46, 110 N.M. 218, 794 P.2d 361 (recognizing that

8

motions to reconsider are appropriate in criminal cases, and may lead to more expedient disposition of criminal cases and alleviate the burden on appellate courts); *see also State v. Suskiewich*, 2014-NMSC-040, ¶ 12, 339 P.3d 614 ("Motions to reconsider are a traditional and virtually unquestioned practice and serve judicial economy by permitting lower courts to correct possible errors and thus avoid time-consuming and potentially unnecessary appeals." (internal quotation marks and citation omitted)).

{12} The State argues that the prosecutor had no opportunity to preserve error, because when the district court asked the prosecutor if she had "[a]nything else[,]" the district court had already interrupted the State, and had already made clear its intention to dismiss the case, and therefore its question "was a perfunctory invitation for comment on a dismissal ruling that it had already made clear would be inescapable[,]" and that "[t]hese circumstances therefore provide additional reasons why the preservation rule does not preclude review." We reject the notion that the district court prevented the State from objecting to its ruling or from making a record. Nothing in the record supports a conclusion that the district court would not have listened to any objections the State may have made, or denied the State an opportunity to make a record. Although the district court may have interrupted the prosecutor at one point, it still offered the prosecutor an opportunity to make her case a few moments later. And even if the prosecutor correctly

perceived that the district court was likely to grant Defendant's motion, that did not lessen her obligation to timely assert any objections the State may have had to the dismissal of charges.

**{13}** The State also argues that we should review its present claims because the district court's order presents a matter of general public interest, affects the State's fundamental rights, and resulted in fundamental error. The State argues that the dismissal with prejudice "created a windfall for [Defendant], unfairly punished the public, and interfered with the State's fundamental right to prosecute." In support of this argument, the State cites *Alingog* for the proposition that the public has an interest in "the orderly administration of justice" which requires that "the prosecution should have one complete opportunity to convict those who have violated its laws." 1994-NMSC-063, ¶ 10

**{14}** In this case, the State had one complete opportunity to attempt to convict Defendant, but violated LR2-400 (2015), which resulted in a dismissal without prejudice. The State has not argued that this first dismissal was improper. The State then had another opportunity to attempt to convict Defendant, but failed to give the district court any reason why the case should not be dismissed on the basis that Defendant was not arraigned within the time period set forth by the local rule. The facts of this case do not demonstrate "a miscarriage of justice . . . notwithstanding failure [of the State] to preserve error." *Alingog*, 1994-NMSC-063, ¶ 11.

Moreover, New Mexico case law records multiple instances in which our appellate courts have declined to review the State's claims due to lack of preservation. *See Janzen*, 2007-NMCA-134, ¶¶ 11, 14-18 (declining to review the state's arguments that the district court improperly granted a motion to suppress evidence because the arguments were not properly preserved); *see also Alingog*, 1994-NMSC-063, ¶ 8 (declining to review State's argument that the defendant's double jeopardy rights were not violated because the case was a single prosecution as opposed to a successive prosecution, and the state received substantial justice); *Tijerino*, 2004-NMCA-039, ¶ 22 (affirming dismissal of indictments where the state failed to preserve arguments that criminal prosecution following civil forfeiture action did not violate double jeopardy). Additionally, if we were to apply the general public interest exception to the waiver rule here simply because the public has a general interest in the orderly administration of justice, the exception would swallow the rule because it would excuse the preservation requirement in all cases where district courts dismiss criminal charges.

{15} As for the State's separation of powers argument, Defendant concedes that to the extent the State may be bringing a facial challenge to the local rule, the State did not need to preserve its separation of powers claim. Defendant further explains why he believes that such a facial challenge lacks merit. But even assuming that Defendant is correct that the State was not required to preserve a facial challenge—

a question we do not decide—the State concedes in its reply brief that it is not bringing a facial challenge to the local rule. Rather, the State appears to be making an as-applied challenge to the statute, by arguing that the delay in arraigning Defendant was attributable to the district court, and that applying the local rule against the State in these particular circumstances is unconstitutional. The State does not argue that it had no obligation to preserve its as-applied challenge, or that a special exception applies to the preservation requirements for separation of powers arguments, and rightly so. *See Azar*, 2003-NMCA-062, ¶ 85 (declining to review separation of powers argument, in part because the appellant failed to explain how the matter was preserved). Rather, the State relies on the fundamental error, fundamental rights or substantial public interest exception for all claims raised in its brief. For the reasons set forth above, we decline to review the State's separation-of-powers argument.

{16} Finally, the State's failure to object precluded development of a factual record on whether it can or should be held responsible for the failure to timely arraign Defendant, or whether that obligation should fall solely on the district courts. While the State understandably appears to argue that it has no obligation to ensure timely arraignment as a matter of law, it is conceivable, at the very least, that some circumstances may exist in which the State does have such an obligation. The State's failure to object meant that no record was developed, which

undermines one of the purposes of the preservation rule, which is "to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *State v. Allen*, 2014-NMCA-047, ¶ 9, 323 P.3d 925 (internal quotation marks and citation omitted). This consideration counsels against reviewing the State's unpreserved claims under any exception to the preservation rule.

**Conclusion**

{17} For the foregoing reasons, we affirm the district court's order dismissing the indictment with prejudice.

{18} **IT IS SO ORDERED**.


_____

**EMIL J. KIEHNE, Judge**

**WE CONCUR:**


_____

**J. MILES HANISEE, Judge**


_____

**JULIE J. VARGAS, Judge**